1  CHRIS D. KUHNER, ESQ. (Bar No. 173291)
   KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
2  1999 Harrison Street, Suite 2675
   Oakland, California 94612
3  Telephone: (510) 763-1000
   Facsimile: (510) 273-8669
4
   Attorneys for Pacislatino Villages, LLC, Debtor
5

6

7              UNITED STATES BANKRUPTCY COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
   **In re**                          **Case No. 09-56552**
10
   **PACISLATINO VILLAGES, LLC,**     **Chapter 11**
11
                        **Debtor.**   **MOTION FOR APPROVAL OF**
12                                     **CASH COLLATERAL**
                                       **STIPULATION AND TO ALLOW**
13                                     **CUSTODIAN TO REMAIN IN**
                                       **POSSESSION**
14
                                       **Date: October 7, 2009**
15                                     **Time: 10:30 a.m.**
                                       **Place: 280 South First Street, San Jose,**
16                                     **        California 95113**

17

18  **I. INTRODUCTION**

19

20         Pacislatino Villages, LLC, the Debtor and Debtor-in- Possession herein ("Debtor") submits

21  this motion ("Motion") for an order approving an agreement between the Debtor and JP Morgan

22  Chase Bank, N.A. ("CHASE") entitled Stipulation Regarding Cash Collateral And Adequate

23  Protection And To Allow Custodian To Remain In Possession (Cash Collateral Stipulation")

24  authorizing the Debtor to use CHASE's cash collateral in accordance with the terms and

25  conditions set forth therein.  The Debtor has obtained consent from CHASE to use the cash

26  collateral  on an interim basis pending entry of a final order at which time the Debtor shall seek

27  authority to use cash collateral through the expiration date agreed to by the parties, or pursuant to

28  Court order.  The stipulation also provides that the Debtor grant a replacement lien and other

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

forms of adequate protection as set forth below in the Cash Collateral Stipulation, a copy of which is attached as Exhibit A to this Motion

The Debtor requires access to cash in which CHASE's asserts a security interest in order to maintain its operations and avoid irreparable harm to the estate. The proposed time frame for the use of the cash collateral is from the petition date through November 7, 2009. This cash collateral consists primarily of rents paid to the Debtor by its tenants at its shopping mall located at 40460/40480/40500 Albrae Street, Fremont, California, commonly known as Pacislatino Villages.

As adequate protection for the Debtor's use of cash collateral, solely to the extent that there is any diminution in the value of the CHASE's pre-petition collateral, the Debtor proposes to grant a replacement lien in favor of the CHASE in the Debtor's assets, namely its post-petition assets, (subject to certain professional fee carve-outs for professionals and trustee fees and excluding avoidance actions and those other assets that are not capable of being encumbered or have already been pledged to third parties). In exchange for the use of cash collateral, the Debtor is not authorizing any releases, is not providing any waivers of claims under Bankruptcy Code §506(c), and is not granting automatic relief from the stay upon default. Accordingly, the Debtor's agreement with CHASE will comply with the Court's Guidelines for Cash Collateral and Financing Stipulations (the "Guidelines").

On February 4, 2009, Mary Hoopes was appointed as a receiver by the Superior Court of Alameda. The Debtor and CHASE wish to keep Ms. Hoopes in place as a receiver/custodian pursuant to the terms of the Order.

## II.     FACTUAL BACKGROUND

On August 7, 2009 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and since the Petition Date, the Debtor has continued in possession of its property and is managing its business as a

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1   debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2

3       The Debtor executed and delivered to CHASE's predecessor, Washington Mutual Bank, a

4   Promissory Note and Deed of Trust dated as of December 3, 2007 (the "Loan Documents") and

5   related documents executed pursuant thereto and in connection therewith under which CHASE

6   extended to the Debtor  loan ("Loan") in the principal amount of $18,000,000.00.

7

8       As security for the Loan and the obligations of the Debtor, the Debtor granted to CHASE a

9   continuing security interest in the real property located at 40460/40480/40500 Albrae Street,

10  Fremont, California.   This is a shopping mall commonly referred to as Pacislatino Villages

11  ("Property").  On February 4, 2009 in the Superior Court of California, County of Alameda, issued

12  an "Order Appointing and Instructing Receiver and Injunction" ("Receiver Order"), a true and

13  correct copy of which is annexed to this Stipulation as Exhibit A.  The Receiver Order appointed

14  Mary Hoopes as Receiver for the Property ("Receiver").   The Receiver has been operating

15  pursuant to the provisions of the Receiver Order, including collecting rents and paying expenses.

16  The Receiver remains in possession of all the Debtor's cash generated by the Property since

17  February 4, 2009 and has been paid an hourly rate of $175/hr.  Said cash in the possession of the

18  Receiver is the Cash Collateral of CHASE, as that term is defined in 11U.S.C. §363(a).

19

20      As of the Petition Date, the CHASE contends the Debtor owes approximately $20,013,000

21  under the terms of the Loan Documents, not including fees, expenses and other debts or

22  obligations which have accrued and will accrue with respect thereto.   The Debtor agrees the

23  amount owed is at least $19,000,000 but reserve its right to object to an amount in excess of said

24  amount.  The Debtor's obligations to CHASE under the Loan Documents, including principal and

25  interest due with respect to the Loans, and fees, expenses and other amounts accruing with respect

26  thereto, are referred to herein collectively as the "Obligations."   True and correct copies of the

27  Loan Documents are retained by the Debtor and CHASE and will be available to interested parties

28  upon request.

The Debtor has requested that CHASE consent to the Debtor's use of Cash Collateral on hand as of the Petition Date or subsequently collected in the ordinary course of the Debtor's business.

The Debtor has negotiated with CHASE regarding the provision of adequate protection for the Debtor's use of Cash Collateral and other Collateral.

CHASE is willing to consent to the use of Cash Collateral on the terms set forth herein. CHASE has requested and the Debtor has agreed to allow the Receiver to remain in place, pursuant to the provisions of 11 U.S.C. §543(d)to manage the Property, collect rents and pay ongoing ordinary expenses as set forth in greater detail below in this Stipulation.

## III.    ARGUMENT

### A.    The Cash Collateral Stipulation Should be Approved Pursuant to Section 363 of the Bankruptcy Code

The parties have agreed to the Cash Collateral Stipulation, a copy of which is attached as Exhibit A to this Motion and the terms and conditions are incorporated as if fully set forth herein.

The Debtor's use of property of its estate is governed by Section 363 of the Bankruptcy Code. Section 363(c)(1) provides in pertinent part that:

> If the business of the Debtor's authorized to be operated under section .
> . . 1108 . . . of this Title and unless the Court orders otherwise, the
> Trustee may enter into transactions, including the sale or lease of
> property of the estate, in the ordinary course of business, without notice
> or a hearing, and may use property of the estate in the ordinary course

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1    of business without notice or hearing.  11 U.S.C. § 363(c)(1).

2

3        A debtor-in-possession has all the rights and powers of a Trustee with respect to property

4    of the estate, the including the right to use property of the estate in compliance with Section 363.

5    See 11 U.S.C. § 1107(a).

6

7        Section 363(c)(2) establishes a special requirement with respect to "cash collateral," by

8    providing that the Trustee or debtor-in-possession may not use, sell or lease "cash collateral"

9    under subsection (c)(1) unless:

10       (A)    Each entity that has an interest in such collateral consents; or

11       (B)    The Court, after notice and hearing, authorizes such use, sale or lease in accordance

12              with the provisions of this section.

13       "Cash collateral" is defined as, "cash, negotiable instruments, documents of title,

14   securities, deposit accounts or cash equivalents in the estate and an entity other than the estate

15   have an interest."  11 U.S.C. § 363(a).

16       It is universally acknowledged that the Debtor's cash "is the life's blood of the business,"

17   and the Bankruptcy Court must assure that such "life's blood is available for use, even if to a

18   limited extent."  In re Mickler 9 BR 121, 123 (Bankr. M.D. Fla. 1981).

19

20

21       **B.     The Adequate Protection Lien Provided in the Cash Collateral**

22              **Stipulation Is Appropriate and Necessary to Adequately Protect Secured**
                **Creditor's Collateral**

23

24       CHASE is entitled to protection from the Debtor's use of cash collateral to the extent

25   provided in the proposed order.  Although adequate protection is not defined in the Bankruptcy

26   Code, Section 361 provides the following three non-exclusive examples of what may constitute

27   adequate protection:

28       (1)    Requiring the Trustee to make a cash payment or periodic cash payments to

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1  such entity, to the extent that the . . . use . . . under section 363 of this Title . .

2  . results in a decrease in the value of such entity's interest in such property.

3

4  (2)  Providing to such entity an additional or replacement lien to the extent that

5  such

6  . . . use . . . results in a decrease in the value of such entity's interest in such

7  property; or

8

9  (3)  Granting such relief . . . as will result in the realization by such entity of the

10  indubitable equivalent of such entity's interest in such property.

11

12  Neither § 361 nor any other provision of the Bankruptcy Code defines the nature and

13  extent of the "interest in property" to which a secured creditor is entitled to adequate protection

14  under Section 363.  The statute plainly provides, however, that a qualifying interest demands

15  protection only to the extent that the use of the creditor's collateral will result in a decrease in "the

16  value of such entity's interest in such property."  11 U.S.C.§§ 361 and 363(e).  United Savings

17  Ass'n of Texas v. Timbers of Inwood Forrest Assocs., Ltd. 484 US 365, 108 S.Ct. 626, 98 L. Ed.

18  2d 740 (1988).

19

20  CHASE in this case is entitled to adequate protection from the Debtor's use of its cash

21  collateral to the extent that such use results in a diminution in the value of CHASE existing

22  collateral.  The replacement lien proposed in the stipulation adequately protects the secured

23  creditor by providing it with a security interest in post-petition assets generally the same type and

24  character as its pre-petition lien.  This lien is appropriate and necessary to adequately protect its

25  existing security interest and will allow the Debtor to use the cash collateral of CHASE.

26

27  The Bankruptcy Court, where possible, should resolve issues presented in favor of

28  reorganization rather than to force a liquidation because the business cannot use cash or other

property to operate for a short time. <u>In re Hoffman</u>, 51 BR 42, 47 (Bankr. W.D. Ark. 1985) (relief from stay); <u>In re A&B Heating and Air Conditioning, Inc.</u>, 48 BR 401, 403-04 (Bankr. M.D. Fla. 1985) (injunction); <u>In re Heatron, Inc.</u> 6 BR 493, 496 (Bankr. W.D. Mo. 1980) (cash collateral motion). Here, the Debtor's continued use of cash collateral to conduct the operation of its business will preserve, and indeed, maximize the value of a secured creditor's collateral and enhance the potential recovery for all creditors of this estate. The continued use of cash collateral will take the Debtor up to the time it must file its plan and disclosure statement.

### C.    The Cash Collateral Stipulation Complies with the Court's Guidelines

The stipulation not only complies with Bankruptcy Code Sections 361 and 363, as mentioned above, it is also consistent with the Court's cash collateral guidelines, with the following exception: (1) The Receiver/Custodian is remaining in place and will collect rents and pay expenses.

### D.    Custodian Remains in Possession.

The Receiver shall remain in place pursuant to the provisions of the Receiver Order, except as modified herein, and in possession of the funds and shall continue to collect rents generated by the Property and the tenants thereof, and shall pay the Property's expenses as set forth below. To the extent required, the Debtor shall apply to the Court to employ the Receiver as a professional pursuant to 11 U.S.C Section 327 and 543(d). To the extent required, the Receiver and/or Debtor will open a Debtor in Possession bank account in said funds and any future funds will be deposited.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

(a)    Granting the Motion and approving Cash Collateral Stipulation between CHASE and the Debtor; and

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

(b) Any further relief this Court deems appropriate.

Dated: September ___14___, 2009

KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By: CHRIS D. KUHNER /s/
Bar No. 173291
Attorneys for Debtor

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

# EXHIBIT A

1   CHRIS D. KUHNER, ESQ. (Bar No. 173291)
    KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
2   1999 Harrison Street, Suite 2675
    Oakland, California 94612
3   Telephone: (510) 763-1000
    Facsimile: (510) 273-8669
4
    Attorneys for Pacislatino Villages, LLC, Debtor
5

6

7                    UNITED STATES BANKRUPTCY COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
    **In re**                              **Case No. 09-56552**
10
    **PACISLATINO VILLAGES, LLC,**         **Chapter 11**
11
                              **Debtor.**  **STIPULATION REGARDING**
12                                         **CASH COLLATERAL,**
                                           **ADEQUATE PROTECTION; AND**
13                                         **TO ALLOW CUSTODIAN TO**
                                           **REMAIN IN POSSESSION**
14

15

16
                                           **Date:  , 2009**
17                                         **Time:**
                                           **Ctrm:**
18

19
          This Stipulation Regarding Cash Collateral, Adequate Protection; and To Allow Custodian
20
    to Remain in Possession pursuant to 11 U.S.C. §543(d) (this "Stipulation") is dated as of
21
    September 9, 2009, and is entered into by and between the debtor in the above-captioned Chapter
22
    11 case, Pacislatino Villages, LLC (the "Debtor"), and JPMORGAN CHASE BANK, N.A.
23
    ("CHASE").
24

25                              RECITALS

26          A.     On August 7, 2009 ("Petition Date"), the Debtor filed its voluntary petition for
27
    relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and since
28

Stip Re Cash Collateral                    -1-                    J: Pacislatino Villages, LLC

the Petition Date, the Debtor has continued in possession of its property and is managing its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.      The Debtor executed and delivered to CHASE's predecessor, Washington Mutual Bank, a Promissory Note and Deed of Trust dated as of December 3, 2007 (the "Loan Documents") and related documents executed pursuant thereto and in connection therewith under which CHASE extended to the Debtor loan ("Loan") in the principal amount of $18,000,000.00.

C.      As security for the Loan and the obligations of the Debtor, the Debtor granted to CHASE a continuing security interest in the real property located at 40460/40480/40500 Albrae Street, Fremont, California. This is a shopping mall commonly referred to as Pacislatino Villages ("Property"). On February 4, 2009 in the Superior Court of California, County of Alameda, issued an "Order Appointing and Instructing Receiver and Injunction" ("Receiver Order"), a true and correct copy of which is annexed to this Stipulation as Exhibit A. The Receiver Order appointed Mary Hoopes as Receiver for the Property ("Receiver"). The Receiver has been operating pursuant to the provisions of the Receiver Order, including collecting rents and paying expenses. The Receiver remains in possession of all the Debtor's cash generated by the Property since February 4, 2009 and has been paid an hourly rate of $175/hr. Said cash in the possession of the Receiver is the Cash Collateral of CHASE, as that term is defined in 11U.S.C. §363(a).

D.      As of the Petition Date, the CHASE contends the Debtor owes approximately $20,013,000 under the terms of the Loan Documents, not including fees, expenses and other debts or obligations which have accrued and will accrue with respect thereto. The Debtor agrees the amount owed is at least $19,000,000 but reserve its right to object to an amount in excess of said amount.The Debtor's obligations to CHASE under the Loan Documents, including principal and interest due with respect to the Loans, and fees, expenses and other amounts accruing with respect thereto, are referred to herein collectively as the "Obligations." True and correct copies of the

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1  Loan Documents are retained by the Debtor and CHASE and will be available to interested parties

2  upon request.

3      E.      The Debtor has requested that CHASE consent to the Debtor's use of Cash

4  Collateral on hand as of the Petition Date or subsequently collected in the ordinary course of the

5  Debtor's business.

6

7      F.      The Debtor has negotiated with CHASE regarding the provision of adequate

8  protection for the Debtor's use of Cash Collateral and other Collateral.

9      G.      CHASE is willing to consent to the use of Cash Collateral on the terms set forth

10  herein.  CHASE has requested and the Debtor has agreed to allow the Receiver to remain in place,

11  pursuant to the provisions of 11 U.S.C. §543(d)to manage the Property, collect rents and pay

12  ongoing ordinary expenses as set forth in greater detail below in this Stipulation.

13      H.      Upon approval by the Court, the terms of this Stipulation shall be binding upon

14  CHASE.  Pursuant to sections 363(c)(2) and 363(e) of the Bankruptcy Code, the Debtor's use of

15  Cash Collateral authorized hereby is in the best interests of the estate and adequately protects the

16  interests of CHASE.

17

18      **WHEREFORE**, the parties hereby stipulate and agree as follows:

19                              AGREEMENT

20      1.      Accuracy of Recitals.  The Debtor and CHASE assert that the foregoing recitals are

21  true and correct.  Nothing in this paragraph shall bind any third party to the accuracy of the

22  recitals.

23

24      2.      Consent to Use of Cash Collateral.  Subject to the terms of this Stipulation and the

25  entry of the order contemplated, CHASE consents to the Debtor's use of its Cash Collateral, and

26  the Debtor is hereby authorized to use CHASE's Cash Collateral in existence as of the Petition

27  Date, or subsequently collected in the ordinary course of the Debtor's business, in which CHASE

28

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX (510) 273-8669

asserts an interest to pay ongoing ordinary expenses of operation of the Property. The Cash Collateral shall only be used to pay ongoing ordinary expenses to operate and manage the Property, and to pay the fees and expenses incurred by the Receiver. Any expenses outside the ordinary course of business shall only be paid pursuant to court order or further stipulation between CHASE and the Debtor.

        3.    Scope of Cash Collateral.  To the extent of CHASE's security interests, as evidenced by the Loan Documents and as permitted by the Bankruptcy Code, CHASE's "Cash Collateral" for purposes hereof shall include all (a) cash of the Debtor's estate, wherever located; and (b) cash equivalents, whether in the form of negotiable instruments, documents of title, securities, deposit accounts, or in any other form, which represent income, proceeds, products, rents or profits of the Debtor's interest in Collateral that are now in the possession, custody or control of the Debtor or the Receiver (or of persons in privity with the Debtor or Receiver), or in which the Debtor will obtain an interest during the pendency of this case, which represent income, proceeds, products, rents, or profits of the Collateral.

        4.    Custodian Remains in Possession.

        The Receiver shall remain in place pursuant to the provisions of the Receiver Order, except as modified herein, and in possession of the funds and shall continue to collect rents generated by the Property and the tenants thereof, and shall pay the Property's expenses as set forth below. To the extent required, the Debtor shall apply to the Court to employ the Receiver as a professional pursuant to 11 U.S.C Section 327 and 543(d). To the extent required, the Receiver and/or Debtor will open a Debtor in Possession bank account in said funds and any future funds will be deposited.

        5.    Adequate Protection. The following shall serve as adequate protection to CHASE for the Debtor's use of Cash Collateral hereunder:

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

(a) <u>Replacement Liens</u>.  The Debtor hereby grants to CHASE, retroactively effective as of the Petition Date, valid and perfected postpetition security interests in, and replacement liens on, all present and future tangible and intangible personal property of the Debtor and the Debtor's estate, whether now owned or existing or hereafter acquired, created or arising, and all products and proceeds thereof, of the same type and character, and to the same extent and priority, as the prepetition security interests held by CHASE in, or the prepetition liens of CHASE on, such property, but excluding so-called "avoidance actions" arising under chapter 5 of the Bankruptcy Code (the "Adequate Protection Liens").  CHASE's Adequate Protection Liens shall be <u>pari</u> <u>passu</u> in priority with its existing prepetition security interests (to the extent valid and perfected) in the Debtor's Property, but subordinate to any valid, enforceable, perfected and unavoidable pre-existing security interest in, and liens on, such Property that was senior in priority as of the Petition Date to the security interest held by CHASE, and shall have priority over all postpetition liens and encumbrances on such Property first arising or first created after the Petition Date; <u>provided, however</u>, that the foregoing Adequate Protection Liens are only granted to the extent that the cash used by the Debtor actually constitutes Cash Collateral in which CHASE has a valid, enforceable, perfected and unavoidable security interest and only to the extent that the use by the Debtor of cash in which CHASE has such valid, enforceable, perfected and unavoidable security interest results in the diminution of the value of CHASE's interest in such Cash Collateral, whether by depreciation, use, sale, loss, decline in market price, or otherwise including such diminution as may arise from the application of the Cash Collateral in accordance with this Stipulation or otherwise (other than diminution due to payments to CHASE in accordance with the terms of Stipulation).

7.  <u>Event of Default</u>.  The occurrence of any of the following shall constitute an Event

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX (510) 273-8669

Stip Re Cash Collateral                          -5-                          J: Pacislatino Villages, LLC

of Default:

    (a)    If the Court only permits interim use of Cash Collateral pursuant to Bankruptcy Rule 4001(d), the Debtor fails to obtain entry of a final order approving this Stipulation before the expiration of forty-five (45) days from the Petition Date which authorizes the Debtor to use Cash Collateral of CHASE on terms that are consistent with this Stipulation and the Budget (the "Final Order");

    (b)    If any Interim Order or the Final Order is reversed, modified, or vacated without the consent of CHASE;

    (c)    The Debtor fails to comply with the Budget in any material respect;

    (d)    The Debtor shall breach any term or provision of this Stipulation in a material way;

    (e)    The Debtor shall use Cash Collateral for any purpose or in any amount not permitted hereunder;

    (f)    The bankruptcy case shall be dismissed or converted to a case under chapter 7 of the Bankruptcy Code, or a Chapter 11 trustee shall be appointed for the Debtor;

    (g)    The automatic stay is lifted with respect to a material portion of the Collateral;

    (h)    An order of the Bankruptcy Court is entered which terminates the authority of the Debtor to conduct business.

    (i)    An order of the Bankruptcy Court that terminates the Receiver's authority to act as custodian of the Property pursuant to this Stipulation.

    (j)    The use of cash collateral pursuant to the terms of the Stipulation expires November 7, 2009 without prejudice to either party rights to request relief form the Court to continue the terms of the Stipulation or for relief under any applicable Bankruptcy Code Section.

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

8.     CHASE Protected by Interim Order.  As soon as practicable after the Petition Date, the Debtor shall request entry of an order of the Bankruptcy Court acceptable in form and substance to CHASE approving this Stipulation pursuant to Bankruptcy Rule 4001(d).  If the Bankruptcy Court only approves this Stipulation on an interim basis ("Interim Order") pending a final hearing, CHASE shall nevertheless be entitled to the protections of this Stipulation as adequate protection for the Debtor's interim use of cash and non-Cash Collateral.

9.     Administrative Priority Claim.  To the extent that CHASE is determined to hold valid, perfected and unavoidable security interests or liens, if the adequate protection provided herein fails to protect CHASE against any postpetition diminution in the value of the Collateral in which CHASE asserts an interest, CHASE shall be entitled to administrative expense claims pursuant to section 507(a)(1) of the Bankruptcy Code, with priority over any and all other administrative expense of any kind payable or allowed pursuant to any provision of Bankruptcy Code, including, but not limited to, sections 105, 326, 328, 503(c), 507(a) and 507(c) of Bankruptcy Code.

10.    Automatic Perfection of Replacement Liens.  CHASE shall not be required to file any financing statement, notice of lien or similar instrument in any jurisdiction or take any other action in order to perfect the postpetition security interests and liens created hereunder; provided that CHASE will only have valid postpetition security interests and liens to the extent that it is determined to hold valid, enforceable, perfected and unavoidable prepetition security interests and liens that are entitled to adequate protection.  CHASE may, in its sole discretion, file such financing statements, notices of liens or similar instruments.  If CHASE chooses to file such financing statements, notices of liens or similar instruments, subject to the proviso in the first sentence of this Section 10, all such documents shall be deemed to have been filed or recorded at the time and on the date of entry of the first Court order approving this Stipulation, whether or not

Korinfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Case: 09-56552   Doc# 21   Filed: 09/15/09   Entered: 09/15/09 16:01:16   Page 16 of 22

1  so filed or recorded on such date, and the automatic stay of section 362 of Bankruptcy Code shall

2  be deemed vacated and modified to permit the filing of any of the foregoing.

3      11.  Further Assurances.  The Debtor hereby covenants and agrees that it will, from

4  time to time, execute and deliver to CHASE any statement, assignment, instrument, document,

5  agreement or other paper and take any other action that CHASE may reasonably request to

6  implement the provisions of this Stipulation.

7

8      12.  The Receiver shall continue to have the duties, powers and authority set forth in

9  Paragraphs 3, 4, 5, 8, 9, 10, 11, 12, 13 (except the bank account shall be deemed a DIP account),

10  15, 17 (except the final sentence thereof), 18 and 19 of the Receiver Order.  The Receiver shall be

11  entitled to pay from funds in her possession all Receiver's fees that she incurred for the month of

12  July 2009, subject to the notice requirements to the Debtor and CHASE set forth in Paragraph 18

13  of the Receiver Order.

14

15      13.  The Debtor shall retain a broker of its choosing (as of the Stipulation the proposed

16  broker is Colliers International) for the purpose of listing and marketing the Property to potential

17  new tenants.  The propose broker shall only represent the Debtor on the Property and shall not

18  have any involvement, formal or otherwise, pertaining to any properties owned by entities owned

19  or related to the Debtor or any of its principals.  In the event there is a potential tenant for the

20  Property, the Debtor will consult with CHASE and the Receiver to obtain consent from all parties,

21  the parties will submit the propose lease transaction to the Court for approval.

22

23      14.  In addition to the continuation of the Receiver's duties, powers and authority set

24  forth in Paragraph 12 of this Stipulation, the Receiver is authorized to negotiate with existing

25  tenants of the Property to modify or terminate existing leases and rental agreements, subject to

26  approval of such modification or termination by Debtor and CHASE, or pursuant to further order

27  of the Bankruptcy Court made after due notice to parties in interest.  The Receiver may be paid

28

Kornfield, Nyborg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

2% of the gross rent scheduled for the first five years of any existing tenant's extended lease term, payable at the execution of the extended lease agreement.

15.  Remedies on Occurrence of Event of Default. Upon the occurrence of any Event of Default, CHASE shall have the following rights:

(a)  CHASE may file a motion (i) to enforce and otherwise implement the terms and conditions of this Stipulation, and (ii) seeking relief from the automatic stay to enforce its rights and remedies as a secured creditor against the Debtor and the Collateral. CHASE may request an emergency hearing on its motion, and the Debtor consents to an order shortening time on such motion limiting notice to not greater than seventy-two (72) hours. The Debtor acknowledges and agrees that CHASE will suffer irreparable injury if the terms and conditions of this Stipulation are not implemented strictly in accordance with their terms, and that injunctive relief shall be necessary and appropriate to insure compliance with this Stipulation. The Debtor agrees that 3 days notice to the Notice Parties shall constitute reasonable notice of any emergency hearing on CHASE's motion to enforce or implement the terms of this Stipulation or on relief from the automatic stay to enforce its rights as a secured creditor against the Debtor and the Collateral.

16.  Subsequent Use of Cash Collateral. Nothing in this Stipulation shall prohibit the Debtor or any trustee from seeking authority to use Cash Collateral following the termination of the Debtor's right to use Cash Collateral pursuant to the provisions of this Stipulation or prevent CHASE from opposing such use.

17.  Effectiveness. This Stipulation shall become effective on an interim basis upon entry of the Interim Order. This Stipulation shall become effective on a final basis upon entry of an order by the Court approving the same acceptable in form and substance to CHASE.

18.  Counterparts. This Stipulation may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto were upon the same

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Case: 09-56552    Doc# 21    Filed: 09/15/09    Entered: 09/15/09 16:01:16    Page 18 of 22

instrument. This Stipulation may be executed by the facsimile delivery of signature pages.

19. <u>Enforceability</u>. The terms and conditions of this Stipulation have been negotiated by the parties at arms' length and in good faith and are fair and reasonable under the circumstances, and this Stipulation shall be enforceable against the parties in accordance with its terms. This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their successors in interest, including any successor collateral agent and any trustee appointed for the Debtor's estates, and including any trustee appointed after any conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code.

20. <u>Better Treatment</u>. Notwithstanding anything to the contrary contained herein, in the event a secured party is granted or obtains better adequate protection than is provided to CHASE under the Stipulation, the Debtor agrees to provide like or equivalent adequate protection to CHASE to the maximum extent possible.

21. <u>Signatures</u>. This Stipulation may be executed in counterparts. Facsimile signatures are acceptable. The attorney for any party may sign on behalf of that party. Each attorney signing for its client represents it has authority to bind its client to this Stipulation and each party shall be deemed to have authorized its attorney to sign on its behalf.

Dated: September 10, 2009        Kornfield, Nyberg, Bendes & Kuhner, P.C.

By:<u>Chris D. Kuhner /s/</u>
(Bar No. 173291)
Attorneys for Debtor

Dated: September 10, 2009

Bruce Cornelius
Attorney for CHASE

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1699 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX (510) 273-8669

Stip Re Cash Collateral        -10-        J: Pacislatino Villages, LLC

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 15, 2009, I served the following documents:

**MOTION FOR APPROVAL OF CASH COLLATERAL STIPULATION AND TO ALLOW CUSTODIAN TO REMAIN IN POSSESSION;
NOTICE OF MOTION FOR APPROVAL OF CASH COLLATERAL STIPULATION AND TO ALLOW CUSTODIAN TO REMAIN IN POSSESSION; and
DECLARATION OT THOMAS NGUYEN**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

SEE ATTACHED LIST

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15TH day of September, 2009 at Oakland, California.

Jennifer Coogan /s/ *JCoogan*

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX (510) 273-8669

**Alameda County Tax Collector**
Donald R. White
1221 Oak St, Rm 13
Oakland, CA 94612

**Bridal Mart**
Attn John Morris
40480 Albrae St
Fremont, CA 94538

**Bruce Cornelius**
Law Offices of Blezer, Hulchiy & Murray
3650 Mt. Diable Blvd, Ste 130
Lafayette, CA 94549

**California Reconveyance Company**
9200 Oakdale Ave
Mail Stop CA2-4379
Chatsworth, CA 91311

**China Village, LLC**
c/o Lawrence A Jacobson
Cohen and Jacobson, LLP
900 Veterans Blvd, Ste 600
Redwood City, CA 94063

**Franchise Tax Board**
Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95827-2952

**Fu Lam Moon**
Xikun Wu
40460 Albrae St
Fremont, CA 94538

**Furniture Gallery**
Attn David Diep Le
40500 Albrae St
Fremont, CA 94538

**Internal Revenue Service**
Special Procedures Branch
Bankruptcy Section/Mail Code 1400S
1301 Clay St.
Oakland, CA 94612-5210

**Internal Revenue Service**
P O Box 21126

Philadelphia, P A 19114

**JP Morgan Chase Bank**
Attn Janet J Scott
400 E. Main St, 3rd Floor
Stockton, CA 95202

**Marie Le**
2632 Carlos Scimala Court
San Jose, CA 95132

**Marie Le**
428 S. Main St
Milpitas, CA 95035

**Mary A Hoopes**
PO Box 17195
Oakland, CA 94601

**Payless Furniture, Inc.**
Attn Jimmy & Tammy Huynh
40520 Albrae St
Fremont, CA 94538

**Statements Furniture**
Attn: Tony Tran
40470 Albrae St
Fremont, CA 94538

**Thomas Nguyen**
2632 Carlos Scimeca Ct
San Jose, CA 95132

**Western Appliance**
Attn Dennis Moir
40410 Albrae St
Fremont, CA 94538