1  CHRIS D. KUHNER, ESQ. (Bar No. 173291)
   **KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
2  1999 Harrison Street, Suite 2675
   Oakland, California 94612
3  Telephone: (510) 763-1000
   Facsimile: (510) 273-8669
4
   Attorneys for Debtor PACISLATINO VILLAGES, LLC
5

6

7                 **UNITED STATES BANKRUPTCY COURT**

8             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9  **In re**                                    **Case No. 09-56552**

10 **PACISLATINO VILLAGES, LLC,**               **Chapter 11**

11                                **Debtor.**    **ORDER APPOINTING AND**
                                                **INSTRUCTING RECEIVER AND**
12                                              **INJUNCTION**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Caption                                   -1-                    J:Pacislatino Villages, LLC




Bruce Cornelius - Bar #065525
The Law Offices of
**BELZER, HULCHIY & MURRAY**
3650 Mt. Diablo Boulevard, Suite 130
Lafayette, California 94549
Telephone: 925/283-9977
Facsimile: 925/283-5192

**Attorneys for JPMorgan Chase Bank, N.A.**

**FILED**
**ALAMEDA COUNTY**

FEB 04 2009

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, AS PURCHASER OF LOAN NO.
625030431, AND CERTAIN OTHER ASSETS OF
WASHINGTON MUTUAL BANK, FORMERLY KNOWN
AS WASHINGTON MUTUAL BANK, FA, FROM
FEDERAL DEPOSIT INSURANCE CORPORATION
ACTING AS RECEIVER,

        Plaintiff,

v.

PACISLATINO VILLAGES, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
MARIE LE, and DOES 1 through 20, inclusive,

        Defendants.

_____/

NO. RG 09430083

**ASSIGNED FOR ALL
PURPOSES TO JUDGE
JON S. TIGAR
DEPARTMENT 21**

## ORDER APPOINTING AND INSTRUCTING RECEIVER

## AND INJUNCTION

ORDER APPOINTING AND INSTRUCTING RECEIVER AND INJUNCTION

Case: 09-56552    Doc# 30    Filed: 10/07/09    Entered: 10/07/09 14:29:49    Page 2 of 11

Upon reading the verified Complaint filed herein, and good cause appearing for the appointment of a Receiver ex parte in this action, and plaintiff having filed an undertaking in the amount of $5,000, as provided by Section 566 of the Code of Civil Procedure; which amount is hereby fixed as adequate for such purpose;

**IT IS HEREBY ORDERED:**

1. That Mary A. Hoopes be and she is hereby appointed Receiver, ex parte, in this action.

2. Within three (3) calendar days of entering upon her duties as such Receiver, she shall take the oath required by law and file herein an approved surety company bond in the penal sum of $~~70,000~~ *100,000*, conditioned upon the faithful performance of her duties as such Receiver.

3. After so qualifying, said Receiver shall enter upon and take possession of the real property, with improvements thereon, located at 40500, 40460 and 40480 Albrae Street, Fremont, California 94538, more particularly described in the Complaint on file herein and in Exhibit A annexed to this Order ("Property"); and care for, preserve and maintain the Property and incur expense necessary for said Property.

4. The Receiver shall also take possession of all personal property of defendant Pacislatino Villages, LLC, a California limited partnership, located in or about the Property, including all building materials and inventory, furniture, furnishings, fixtures, equipment, parts and appliances now located or placed in, upon or adjacent to the Property, together with all other personal property of every kind and description which may be annexed to, or used in or upon the Property, all products and all proceeds of the aforesaid property as well as the proceeds of insurance thereof (hereafter "the personal property"). In taking possession of the personal property, the Receiver shall undertake all appropriate measures to secure and preserve the personal property, including, without limitation, changing locks on the building(s) in which the personal property is stored, and employing such persons as may be necessary to accurately obtain an inventory of the personal property.

**ORDER APPOINTING AND INSTRUCTING RECEIVER, AND INJUNCTION**

Case: 09-56552    Doc# 30    Filed: 10/07/09    Entered: 10/07/09 14:29:49    Page 3 of 11

5.   The Receiver is authorized, empowered and directed to:

5.1.   Collect all rents which are now or hereafter may be due from the tenants of any portion of the Property and the personal property. The tenants occupying, using or leasing the Property, or any portion of the Property are hereby ordered to make payment to the Receiver.

5.2.   Demand, receive and keep safely in her possession all monies received from the Property and the personal property, or its operation, and all monies, records, books of account, rent schedules, ledgers and other documents pertaining to the operation of the Property held by persons in possession of, or concerned with the management of the Property. All persons now or hereafter having possession of any of the same are ordered and directed to deliver possession thereof to the Receiver.

5.3.   Bring and prosecute all proper actions for the collection of rents due, as well as all necessary actions and proceedings for the removal of tenants in default, or other persons from the Property, and to bring and prosecute all proper actions for the protection of the Property and the personal property, or to recover possession thereof, and to employ such legal assistance as may be necessary for this purpose, but only after obtaining the permission of this Court in accordance with Superior Court rules.

5.4.   To employ an agent to collect rents, manage the Property and the personal property, and keep the same insured and in repair, if she shall deem it necessary, and to pay the reasonable value of those services out of rents received.

~~6.   The Receiver shall be empowered to exclude from the receivership estate, including, without limitation, the Property, representatives and agents of defendant Pacislatine Villages, LLC, a California limited partnership, or any person or other entity claiming under or through said defendant who is not under a valid lease or rental agreement.~~

////

////

ORDER APPOINTING AND INSTRUCTING RECEIVER, AND INJUNCTION

2

7.     The Receiver is authorized to institute, prosecute, defend, compromise, intervene in, or become a party to such suits, actions, or proceedings as may in her opinion be necessary for the protection, maintenance, operation, preservation or enhancement of the receivership estate, to employ counsel as may be necessary for such proceedings, after obtaining the permission of this Court in accordance with Superior Court rules, and to pay the reasonable value of services rendered out of funds of the receivership estate, and to thereafter report to the Court at reasonable intervals upon such proceedings.

8.     The Receiver is empowered and directed to demand, receive and keep safely in her possession, all monies hereafter received from the Property and the personal property, or its operation and held by persons in possession of, or concerned with the management of the Property; and also records, books of account, rent schedules, ledgers and other documents pertaining to the operation of the Property; and all persons now or hereafter having possession of any of the same are ordered and directed to deliver possession thereof to the Receiver.

9.     Any security or other deposits which tenants have paid to defendants or their agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of the defendants and may not be refunded by the Receiver without an order of this Court. Any other security or other deposits which tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver in accordance with the leases or agreements.

10.     Except as provided herein, no utility may alter, refuse, or discontinue service to the Receiver solely on the basis of his appointment to operate the Property, or because a debt owed by the owner of the Property to such utility for service rendered before the date of this Order was not paid when due. Such utility may alter, refuse, or discontinue service if the Receiver, within 20 days of the date of this Order, has not furnished adequate assurance of payment for service after such date. On request of the Receiver, or other party in interest, the Court may make further orders to provide said utility with adequate assurance of payment.

Case: 09-56552   Doc# 30   Filed: 10/07/09   Entered: 10/07/09 14:29:49   Page 5 of 11

11. Defendants, and each of them, shall notify the Receiver at the time the Receiver takes possession of the Property, whether or not there is sufficient insurance coverage thereon. If sufficient insurance coverage does exist, defendants shall be responsible and are hereby ordered to make certain that the Receiver is named as an additional insured on such policy for the entire period that the Receiver shall be in possession of the Property. If sufficient insurance coverage does not exist, it is hereby ordered that the Receiver shall have fifteen (15) working days from her appointment to procure adequate insurance on the Property, provided that she has funds available to do so; during such period, the Receiver shall not be personally responsible for claims arising with respect to the Property, or for the procurement of insurance. If the Receiver discovers that sufficient insurance coverage does not exist, the Receiver shall immediately notify the plaintiff in writing of the lack of adequate insurance coverage for the Property.

12. All income tax reporting and payments whether for periods prior to, or during the term of this receivership, shall remain the obligation of the owner of the Property which is generating the income, rents and profits administered by the Receiver in this proceeding, including, without limitation, interest earned by such income and profits while in the possession of the Receiver. The Receiver shall bear no liability for the failure of the owner of the Property to report said income to taxing authorities or pay the taxes associated with such income.

13. Monies coming into the possession of the Receiver, not expended by her for any purpose herein authorized, shall be deposited in any branch of any convenient financial institution selected by her, which is insured by the FDIC, to be held subject to such orders as this Court may hereafter make.

14. The Receiver, or any party to this action, may from time to time, and on due notice to all parties, whether by ex parte application pursuant to the requirements of local court rules, or by noticed motion, make application to this Court for further orders instructing the Receiver.

ORDER APPOINTING AND INSTRUCTING RECEIVER, AND INJUNCTION

4

15.   Defendants, and each of them, pending further order of this Court, are forthwith enjoined and restrained from interfering in any manner with said Receiver in the operation and management of the Property and the personal property; or from collecting, receiving or disposing of monies, rents, issues or profits of the Property, or of any personal property used in connection therewith, or the yield thereof.

16.   The Sheriff of the County of Alameda, State of California, is authorized to assist the Receiver in every capacity in which said Sheriff's assistance may be required in order to enable the Receiver to take and safely keep possession and control of the Property.

17.   Subject to further orders of this Court, the Receiver shall operate and conduct the business of management of the Property, including, but not limited to, collecting the rents and other funds due with respect to the Property and the personal property, employing agents, servants, employees, clerks and accountants, and to purchase merchandise, materials, supplies and services in the ordinary course of operation, and to pay for them at the ordinary and usual rate out of the funds which shall come into her possession as Receiver. The Receiver is authorized to utilize receipts from the operation of the Property to pay secured real property taxes and all liens and encumbrances secured by the Property entrusted to the Receiver in the order of their priority.

18.   The Receiver and all attorneys and professionals hired by the Receiver, as authorized herein, shall be entitled to interim compensation for their services at their usual and normal hourly rates, which for the Receiver shall not exceed $175.00 per hour, subject to final Court approval as hereafter set forth. ~~The Receiver shall also be entitled to pay herself or a management company which she may employ a management fee equal to the greater of 6% of the gross rents collected per month, or $1,000.00 per month.~~ The Receiver shall file with the Court and serve upon counsel of record (except Receiver's counsel) written notice of the amount to be paid to each payee and the services rendered or expenses incurred.  If any party so noticed does not object to the payment of such fees or expenses within ten (10) days from service by delivering written objections to the Receiver specifying the items or services objected to and the specific

*OTHER STATE* (handwritten)

Case: 09-56552    Doc# 30    Filed: 10/07/09    Entered: 10/07/09 14:29:49    Page 7 of 11

reasons why such items or services should not be paid, the Receiver may pay all fees and expenses to which no objection was made. If objections have been timely made, the Receiver may at her election, immediately file a motion upon notice to counsel of record for authority to pay such fees or expenses objected to, or wait until such later date as the Receiver may choose to file a motion for authority to pay such fees and reimburse such expenses from the assets and income of the receivership estate. Despite the periodic payment of Receiver's fees and administrative expenses, the statements of said fees and expenses shall be submitted to the Court, for its approval and confirmation, in the form of either a stipulation among the parties, or Receiver's final account and report. **The interim fees paid shall be subject to final approval by this Court and this Court retains jurisdiction to award a greater or lesser amount as the full, fair and final value of such services.**

19. The Receiver is authorized and empowered to (a) execute and prepare all documents and to perform all acts, either in the name of defendants, or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing and/or controlling the receivership estate, and (b) to do all things and incur risks and obligations ordinarily done or incurred by landlords; provided, however, that no such risk or obligation shall be the personal risk or obligation of the Receiver, but solely the risk or obligation of the receivership estate or the Property.

20. The Receiver is authorized to borrow from JPMorgan Chase Bank such funds as are necessary to perform her duties as set forth in this Order. No obligation on the part of JPMorgan Chase Bank to advance or loan funds to the Receiver shall arise prior to the Receiver's preparation of a budget for management and operation of the Property, and the approval of said budget by JPMorgan Chase Bank. In any event, JPMorgan Chase Bank shall have no obligation to advance or loan funds to the receivership estate except in its sole and absolute discretion. In consideration for any such advance or loan, the Receiver is authorized to and shall issue to JPMorgan Chase Bank certificates of indebtedness ("Receiver's Certificates"), as evidence of

Case: 09-56552    Doc# 30    Filed: 10/07/09    Entered: 10/07/09 14:29:49    Page 8 of 11

receivership indebtedness for any such advances made by JPMorgan Chase Bank pursuant to this Order; provided, however, that the aggregate amount of all Receiver's Certificates issued shall not exceed $10,000, unless authorized by further order of this Court. All Receiver's Certificates shall be executed and delivered to JPMorgan Chase Bank by the Receiver as a condition to funding, and shall be numbered in sequential order for redemption purposes. All indebtedness represented by a Receiver's Certificate(s) shall be and constitute a lien and charge upon all assets of the receivership estate, and with respect to such assets and estate, shall be prior and superior to all liens and encumbrances affecting such assets and estate, and shall be prior and superior to the rights and interests of all persons and entities, except (i) the costs of administration of the receivership estate, (ii) the expenses incurred by the Receiver or her agents, and (iii) payments of taxes and assessments chargeable to the Property.

21. In the event that the defendant Pacislatino Villages LLC delivers payments to JPMorgan Chase Bank to reinstate the loan delinquencies that formed the basis for the commencement of this action, the Receiver, upon written notification by counsel for JPMorgan Chase Bank of such reinstatement, shall turn over possession and control of the Property to authorized representatives of Pacislatino Villages, LLC, and begin the process of preparing her final report and account of her activities as Receiver to the Court and the parties in accordance with the California Rules of Court.

22. In the event that the title to the Property and the personal property hereby entrusted to the Receiver is transferred by reason of a foreclosure sale or trustee's sale conducted pursuant to the Deed of Trust sued upon in this action, the Receiver shall immediately turn over possession and control of the Property, together with all appropriate books, records and personal property associated therewith, to the new owner upon presentation to the Receiver of a certified copy of the deed evidencing such transfer, or upon Order of this Court made upon an ex parte application which may be presented without counsel's personal appearance.

ORDER APPOINTING AND INSTRUCTING RECEIVER, AND INJUNCTION

7



23.   No action taken herein by JPMorgan Chase Bank or the Receiver shall be deemed to be an "action" for the purposes of Code of Civil Procedure §726.

**IT IS FURTHER ORDERED** that in addition to all of the powers set forth above, the Receiver is hereby vested with all of the general powers of receivers in cases of this kind, subject to the direction of this Court.

**IT IS FURTHER ORDERED** that the Receiver shall, no less often than monthly, or when directed by the Court, render to the Court reports of the proceedings and accountings with respect to all of the acts and things done by her and all monies received and expended by her or her agents.

**IT IS FURTHER ORDERED** that until further order of the Court:

1.   Defendants, and each of them, including, without limitation, representatives Pacislatino Villages, LLC, and all of their agents, employees, servants, etc., and all persons acting in concert with him, are hereby enjoined and restrained from interfering with or constraining the Receiver or persons acting on behalf of the Receiver in the discharge of her duties, or from withholding from the Receiver any of the receivership estate, including, but not limited to, rents or security deposits held in any deposit account, wherever located, or any of the assets, properties, books or records as the Receiver may request pursuant to this order; defendants are hereby ordered to turn over all such assets, properties, books and records to the Receiver upon Receiver's request therefor;

2.   Defendants, and each of them, their agents, servants, directors, officers, affiliates, employees, attorneys, representatives, and all other persons and entities acting in concert with them, or any of them, shall be and hereby are, enjoined and restrained from engaging in or performing directly, or indirectly, any of the following acts:

(a)   Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner

ORDER APPOINTING AND INSTRUCTING RECEIVER, AND INJUNCTION

8

whatsoever destroying or disposing of the whole or any part of the assets of the receivership estate;

     (b)    Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the proceeds of the receivership estate or of plaintiff's interest therein in whatever form the interest is held or used as of this date pending further proceedings in this action;

     (c)    Destroying, concealing, transferring or failing to preserve any document which evidences or pertains their disposition of the receivership estate, or any part thereof.

Dated: **2/4/09**

_____
Judge of the Superior Court

Case: 09-56552    Doc# 30    Filed: 10/07/09    Entered: 10/07/09 14:29:49    Page 11 of 11