| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Bruce Cornelius, of counsel - Bar #065525<br>Michael Mandell - Bar #209486<br>**BELZER, HULCHIY & MURRAY**<br>3650 Mt. Diablo Boulevard, Suite 130<br>Lafayette, California 94549<br>Telephone: 925-283-9977<br>Facsimile: 925-283-5192<br><br>Attorneys for Movant / Secured Creditor<br>JPMorgan Chase Bank, N.A. |

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Pacislatino Villages, LLC,<br><br>Debtor, | **Bk No. 09-56552 RLE**<br><br>R.S. No. MDM-003<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| JPMorgan Chase Bank, N.A., as purchaser of loan no. 625030431, and certain other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA, from Federal Deposit Insurance Corporation acting as receiver, | Date: 12/16/09<br>Time: 10:30 a.m.<br>Courtroom: 3099 |
| Movant,<br>v.<br><br>Pacislatino Villages, LLC,<br><br>Respondent. | |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Secured Creditor JPMorgan Chase Bank, N.A., as purchaser of loan no. 625030431, and certain other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank,

1

FA, from Federal Deposit Insurance Corporation acting as receiver, ("Movant") hereby files a Motion for Relief From Automatic Stay ("Motion") in the above-entitled Chapter 11 case.

The United States Bankruptcy Court for the Northern District of California has jurisdiction over this Motion pursuant to 11 U.S.C. §362(a) and 28 U.S.C. §157. Said Motion is a core proceeding as defined in 28 U.S.C. §157.

Movant moves this Court for an Order granting relief from the automatic stay imposed by 11 U.S.C. §362(a) to allow Movant to enforce its state law remedies, including, without limitation, non-judicial foreclosure, against real property and improvements owned by Debtor commonly identified as 40460, 40480 and 40500 Albrae Street, Fremont, CA 94538 (the "Property").

The Motion is based on the Notice of Hearing, the following Memorandum of Points and Authorities, Movant's Relief From Stay Information Sheet, the Declaration of David Huebner, and the Declaration of Michael Mandell, together with their Exhibits, filed concurrently with this Motion, and upon such further oral or documentary evidence as may be submitted by Movant and accepted by the Court at the hearing on said Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Movant is a secured creditor in this case, holding a deed of trust executed by Debtor Pacislatino Villages, LLC ("Debtor") of first priority encumbering the Property. The Property is the only asset of Debtor. Debtor filed its Chapter 11 Voluntary Petition 116 days ago as of the date of this motion. Debtor has failed to file a plan of reorganization and has also failed to make any payments whatsoever to Movant during such time. As a result, Movant is entitled to relief from stay in accordance with 11 U.S.C. § 362(d)(3).

The total indebtedness due Movant is $19,850,223.39, inclusive of accrued interest and late charges. Delinquent property taxes assessed to the Property equal $311,954.02. The Property has a fair market value of $15,910,000 based on an appraisal dated March 11, 2009. As a result, the Debtor has no equity whatsoever in the Property. Therefore, Movant respectfully requests that this Court grant relief from the automatic stay to allow Movant to

2
MOTION FOR RELIEF FROM STAY
Case: 09-56552    Doc# 36    Filed: 12/01/09    Entered: 12/01/09 17:04:40    Page 2 of 9

enforce its state law and contractual remedies under the terms of the loan documents described below.

## STATEMENT OF FACTS

Debtor is the current record owner of the Property, which is a shopping center complex that is located in the City of Fremont, County of Alameda, State of California. In or about December 2007, Washington Mutual Bank agreed to make a loan in the amount of $18,000,000.00 to Debtor ("Loan") secured by the Property. To evidence the Loan, identified by Washington Mutual Bank as Loan No. 625030431, Debtor made, executed and delivered to Washington Mutual Bank its "Promissory Note" dated December 3, 2007 in favor of Washington Mutual Bank in the principal sum of $18,000,000.00 ("Note"). A true and correct copy of the Note is filed concurrently herewith as Exhibit "A."

To secure its performance of the obligations represented by the Note, Debtor executed and delivered to Washington Mutual Bank a "Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing" dated December 3, 2007 ("Deed of Trust") encumbering the Property as a lien of first priority. The Deed of Trust was recorded on December 11, 2007. A true and correct copy of the Deed of Trust is filed concurrently herewith as Exhibit "B." The Note and Deed of Trust are referred to collectively herein as the "Loan Documents."

Movant purchased Loan No. 6250030431 and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (the "Savings Bank') from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d). Movant is now the legal and beneficial owner of Loan No. 625030431 and the Loan Documents.

Debtor has substantially defaulted under the terms of the Loan Documents by failing to pay installment payments due under the Note for the months of November and December 2008 and January through November 2009.

Under the terms of the Note, the present monthly payment due Movant is $102,071.90, including principal and non-default interest. Monthly payments under the terms of the

obligation are due on the first (1st) of each month. Late charges of $5,103.60 (5% of the principal and interest component of the installment) accrue if any installment is more than fifteen (15) days late.

The last monthly installment payment made to Washington Mutual or to Movant on the Loan was in October 2008. Presently, the Loan is delinquent with respect to the payments due for November and December 2008, and January through November 2009 inclusive. The present installment delinquencies on the Note, inclusive of fourteen (14) late charges, total **$1,398,385.10**.

In addition, the Note provides that Movant is entitled to collect a default interest rate, equal to 5% in excess of the non-default contractual interest rate, for all interest accruing from and after November 16, 2008. The total default interest chargeable to Debtor through November 30, 2009 is **$940,458.20**. Default interest continues to accrue at the per diem amount of $2,474.89.

Debtor is also in default of the terms of the Deed of Trust that require it to keep property taxes assessed to the Property current at all times. In fact, Debtor has failed to pay property taxes assessed to the Property for 2008-2009. The total property tax delinquency as of November 30, 2009 was **$311,954.02**. The first installment of property taxes assessed to the Property for 2009-2010 is due December 10, 2009 in the amount of **$143,614.62**.

As a result of Debtor's lack of timely performance with respect to this loan, Movant has accelerated the remaining balance due under the terms of the Note, and has directed the Trustee named in the Deed of Trust to commence a non-judicial foreclosure under the terms of the Deed of Trust. The Notice of Default was recorded on January 15, 2009. A Notice of Trustee's Sale was recorded on May 27, 2009 and a Trustee's Sale was scheduled for June 22, 2009, which was then postponed numerous times.

Movant commenced the instant bankruptcy case by filing a Voluntary Petition under Chapter 11 of Title 11 of the United States Code on August 7, 2009.

As of November 30, 2009, the delinquency under the Note totals **$19,850,223.39.** Said delinquency consists of principal of $17,819,207.94, interest of $1,140,755.99, default interest

4

of $940,458.20, prepayment premium of $178,192.08, late charges of $71,450.40, and miscellaneous fees and costs of $109,073.75, less the cash in the possession of the receiver/custodian in the amount of $408,914.97.

The current value of the Property is $15,910,000, based upon an appraisal dated March 11, 2009. A true and correct copy of said appraisal is filed concurrently herewith as Exhibit "C."

In the present case, Debtor has no equity in the Property, as evidenced by the value of the Property compared to the liens against the Property as noted herein:

| | |
|---|---|
| Property Value | $15,910,000.00 |
| Lien of Movant | $19,850,223.39 |
| Property taxes | $311,954.02 |
| Equity | ($4,252,177.41) |

The Superior Court of California, County of Alameda, appointed Mary Hoopes as Receiver for the Property on February 4, 2009. On October 29, 2009, this Court ordered Mary Hoopes to remain as custodian/receiver for the Property.

The custodian/receiver, Mary Hoopes, has an estimated cash balance of $408,914.97 in her receivership account through November 30, 2009. A true and correct copy of the receivership account statement received from Mary Hoopes is filed concurrently herewith as Exhibit "D."

The Monthly Operating Report for the month ending October 2009 filed by Debtor with this Court on November 24, 2009 establishes that the Property has produced net income of $428,269.81 for the 9-month period of February through October 2009. This is an average monthly net income of $47,585.53. A true and correct copy of said Monthly Operating Report is filed concurrently herewith as Exhibit "E."

Debtor's only assets consist of the Property and the income derived therefrom. True and correct copies of Debtor's Schedule A and Schedule B are filed concurrently herewith as Exhibits "F" and "G" respectively.

///

///

///

## RELIEF FROM STAY SHOULD BE GRANTED PURSUANT TO 11 U.S.C. § 362(d)(3) BECAUSE DEBTOR HAS FAILED TO FILE A PLAN OR MAKE INTEREST PAYMENTS WITHIN 90 DAYS OF FILING ITS PETITION

11 U.S.C. § 362(d)(3) "provides that the court shall grant relief from stay with respect to an act against 'single asset real estate' unless the debtor has filed a plan or commenced interest payments within 90 days of the petition." *In re Oceanside Mission Associates* (S.D. Cal. 1996) 192 B.R. 232, 234 (emphasis added). The Property is "single asset real estate" as defined by 11 U.S.C. § 101(51B). Debtor's only assets consist of the Property and the income derived therefrom. Debtor's bankruptcy petition was filed on August 7, 2009. The Debtor has failed to file a plan of reorganization since said filing, which was 116 days ago as of the date of this motion. The Debtor has also failed to make any payments whatsoever to Movant during such time.

One purpose of Section 362(d)(3) "is to place these 'single asset real estate' cases on a sort of 'fast track' program. [Citation omitted.] Another purpose is to afford secured creditors a relatively easy way to obtain relief from stay: all they have to do is show that the debtor has failed to perform under 362(d)(3) rather than engaging an appraiser and fighting over value." *Id.* at 238.

Debtor could have directed the custodian/receiver, Mary Hoopes, to make interest payments from the funds held in the receivership account, but did not. Indeed, the amount of $453,710.44 presently held by the custodian/receiver does not even cover the delinquent and due property taxes assessed to the Property of $455,568.64. Simply turning over the funds held by the custodian/receiver is not enough. Debtor does not have the funds to cure the delinquent senior property tax lien, pay the currently due property taxes, and make interest payments to Movant. Accordingly, Debtor has failed to perform under 11 U.S.C. § 362(d)(3), and Movant respectfully requests that this Court grant its motion for relief from stay.

///

///

///

///

6

MOTION FOR RELIEF FROM STAY
Case: 09-56552    Doc# 36    Filed: 12/01/09    Entered: 12/01/09 17:04:40    Page 6 of 9

## RELIEF FROM STAY SHOULD BE GRANTED PURSUANT TO
## 11 U.S.C. § 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY

The evidence demonstrates that there is no equity in the Property. The Property has a fair market value of $15,910,000, while the total indebtedness against the Property that is due Movant is $19,850,223.39. Also, there exists the senior lien for the delinquent property taxes in the amount of $311,954.02. As a result, there is negative equity of $4,252,177.41.

In addition, the Property is not necessary to an effective reorganization. "[T]he property [must be] essential for an effective reorganization that is in prospect. This means . . . that there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.* (1988) 484 U.S. 365, 375-376.

The monthly payment on Movant's Loan is $102,071.90. The Property produces average monthly net income of $47,585.53. The Property is unable to operate at a positive cash flow, or even generate half of the net income necessary to service Movant's Note. As a result, there is no reasonable possibility of a successful reorganization within a reasonable time, and the Property is not necessary to an effective reorganization. Based on the foregoing, the automatic stay should be terminated immediately with respect to the Property. Movant has satisfied its burden under 11 U.S.C. § 362(d)(2).

## RELIEF FROM STAY SHOULD BE GRANTED PURSUANT TO
## 11 U.S.C. § 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION

In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.* (1988) 484 U.S. 365, the Supreme Court held that undersecured creditors are entitled to adequate protection to compensate them for the depreciation in their collateral. "Adequate protection prevents creditors from becoming more undersecured because of the delay that bankruptcy works on the exercise of their state law remedies." *In re Deico Electronics, Inc.* (9th Cir. BAP 1992) 139 B.R. 945, 947.

The evidence demonstrates that there is a lack of adequate protection for Movant with respect to its interest in the Property. The property has a fair market value of $15,910,000,

7

based on the appraisal dated March 11, 2009, while the total amount owed to Movant is $19,850,223.39. Movant's Note is also subject to the senior lien of delinquent property taxes in the amount of $311,954.02. As a result, there is negative equity of $4,252,177.41.

The amount of $453,710.44 presently held by the custodian/receiver does not cover the delinquent and due property taxes assessed to the Property of $455,568.64. Simply turning over the funds held by the custodian/receiver is not enough. Debtor does not have the funds to cure the delinquent senior property tax lien, pay the currently due property taxes, and make adequate protection payments to Movant. Based on the foregoing, the automatic stay should be terminated immediately with respect to the Property. Movant has satisfied its burden under 11 U.S.C. § 362(d)(1).

## REQUEST FOR JUDICIAL NOTICE

Movant hereby respectfully requests that this Court take judicial notice of the Monthly Operating Report for the month ending October 2009 filed by Debtor with this Court on November 24, 2009, and Debtors' Schedules, pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure. Schedule A is filed concurrently herewith as Exhibit "F." Schedule B is filed concurrently herewith as Exhibit "G."

## CONCLUSION

For the foregoing reasons, and based upon the evidence set forth herein and submitted concurrently herewith, this Court should grant relief from the automatic stay with respect to the Property and enter an Order as follows:

1. For an Order terminating the stay with respect to the Property, permitting Movant to enforce its state law and contractual remedies against Debtors under the terms of the Loan Documents, including, without limitation, non-judicial foreclosure.

2. For an Order waiving the 10-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

3. For an Order awarding Movant its attorney's fees and costs incurred in

connection with this matter under the terms of the Loan Documents.

4. For such other and further relief as the Court may deem reasonable.

Dated: December 1, 2009

Respectfully submitted,

BELZER, HULCHIY & MURRAY

By: *[signature]*
Bruce Cornelius, of counsel
Attorneys for Movant